UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

UNITED STATES OF AMERICA

v.

BREON A. NICHOLS

Case No. 1:14-cr-00238-TWP-DKL-1

ORDER ON MOTION FOR
SENTENCE REDUCTION UNDER
18 U.S.C. § 3582(c)(1)(A)
(COMPASSIONATE RELEASE)

Upon motions of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission, IT IS ORDERED that the motions are:

☒ DENIED.

☐ DENIED WITHOUT PREJUDICE.

☐ OTHER:

☒ FACTORS CONSIDERED: See attached opinion.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:14-cr-00238-TWP-DKL |
| ) | |
| BREON A. NICHOLS, ) | |
| ) | |
| Defendant. ) | |

**ORDER DENYING MOTION FOR COMPASSIONATE RELEASE**

This matter is before the Court on Breon Nichols' ("Nichols") *pro se* Motions for Compassionate Release filed pursuant to 18 U.S.C. § 3582(c)(1)(A). (Dkt. 43, 64, 66.) Nichols seeks immediate release and the reduction of his sentence to time served due to his fear of contracting COVID-19, and because his family needs his assistance. Because Nichols has not shown extraordinary and compelling reasons for a sentence reduction, his Motions are **denied.**

### I. BACKGROUND

On March 19, 2015, Nichols pled guilty to one count of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1) (Dkt. 33) and was sentenced to 92 months (Dkt. 35).

On April 15, 2020, Nichols filed a *pro se* motion for compassionate release. (Dkt. 43.) Briefing on the merits was stayed while Nichols exhausted his administrative remedies. (Dkt. 47.) Counsel was appointed to represent Nichols, (Dkt. 44), but subsequently withdrew, (Dkt. 62). Nichols filed an Amended Motion for Compassionate Release on July 17, 2020, (Dkt. 64), and another amended motion on August 4, 2020, (Dkt. 66). The Government filed its Response in

Opposition to Nichols' Motion arguing that Nichols cannot establish an extraordinary and compelling reason for his release, and the 3553(a) factors weigh against his release. (Dkt. 69.) The Motions are now ripe for review.

## II. DISCUSSION

The general rule is that sentences imposed in federal criminal cases are final and may not be modified. 18 U.S.C. § 3582(c). Under one exception to this rule, a court may reduce a sentence upon finding there are "extraordinary and compelling reasons" that warrant a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). Before the First Step Act, only the Director of the Bureau of Prisons ("BOP") could file a motion for a reduction based on "extraordinary and compelling reasons." Now, a defendant is also permitted to file such a motion after exhausting all administrative remedies. *See* First Step Act of 2018, Pub. L.N. 115-391, 132 Stat. 5194, 5239 (2018). The amended version of the statute states:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction; or
>
> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);

3

>and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c)(1)(A)(i).

Congress directed the Sentencing Commission to "describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." 28 U.S.C. § 994(t). It directed that "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." *Id.* Before passage of the First Step Act, the Sentencing Commission promulgated a policy statement regarding compassionate release under § 3582(c) contained in United States Sentencing Guidelines ("U.S.S.G.") § 1B1.13 and the accompanying Application Notes.

Section 1B1.13 sets forth the following considerations. First, whether "[e]xtraordinary and compelling reasons warrant the reduction" and whether the reduction is otherwise "consistent with this policy statement." U.S.S.G. § 1B1.13(1)(A), (3). Second, whether the defendant is "a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(2). Finally, consideration of the sentencing factors in 18 U.S.C. § 3553(a), "to the extent they are applicable." U.S.S.G. § 1B1.13.

As to the first consideration, Subsections (A)-(C) of Application Note 1 to § 1B1.13 identify three specific "reasons" that qualify as "extraordinary and compelling": (A) terminal illness diagnoses or serious conditions from which a defendant is unlikely to recover and which "substantially diminish[]" the defendant's capacity for self-care in prison; (B) aging-related health decline where a defendant is over 65 years old and has served at least ten years or 75% of his sentence, whichever is less; or (C) certain family circumstances (the death or incapacitation of the caregiver of the defendant's minor child or the incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or

registered partner). U.S.S.G. § 1B1.13, Application Note 1(A)–(C). Subsection (D) adds a catchall provision for "extraordinary and compelling reason[s] other than, or in combination with, the reasons described in subdivisions (A) through (C)," "[a]s determined by the Director of the Bureau of Prisons." *Id.*, Application Note 1(D).

The policy statement in § 1B1.13 addresses only motions from the Director of the BOP. Id. ("Upon the motion of Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment . . . "). It has not been updated since the First Step Act amended § 3582(c)(1)(A) to address motions that are filed by prisoners. As a result, the Sentencing Commission has not yet issued a policy statement "applicable" to motions filed by prisoners. *United States v. Gunn*, __ F. 3d __, 2020 WL 6813995, at *2 (7th Cir. Nov. 20, 2020). And, in the absence of an applicable policy statement, the portion of § 3582(c)(1)(A) requiring that a reduction be "consistent with the applicable policy statements issued by the Sentencing Commission" does not curtail a district court judge's discretion. *Id*. Nonetheless, the Commission's analysis in § 1B1.13 can guide a court's discretion without being conclusive. *Id*. As to motions brought under the "catchall" provision in Subsection (D), district judges should give the Director of the BOP's analysis substantial weight (if he has provided such an analysis), even though those views are not controlling. *Id*.

Accordingly, the court evaluates motions brought under the "extraordinary and compelling" reasons prong of § 3582(c)(1)(A) with due regard for the guidance provided in § 1B1.13 by deciding: (1) whether a defendant has presented an extraordinary and compelling reason warranting a sentence reduction; (2) whether a defendant presents a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and (3) whether the applicable sentencing factors in § 3553(a) favor granting the motion.

Nichols is 31 years of age and is currently incarcerated at the United States Penitentiary in Terre Haute, Indiana. With good time credit, his projected release date is December 28, 2021. (Dkt. 69-1 at 1, 3.) Accounting for time served during the pendency of his case, Nichols has served slightly over five years, representing over 66% of the full term, and 76% of the statutory term of his sentence. (Dkt 69 at 3; Dkt. 69-1 at 3.) As of December 11, 2020, USP Terre Haute is experiencing an outbreak of COVID-19, with 133 inmates and 4 staff currently positive for the virus. *See* https://www.bop.gov/coronavirus/.

Nichols asks the Court to allow him to be released early due to his fear of contracting COVID-19, and because his mother and his children's mother both suffer from chronic illnesses and need his assistance. (Dkt. 66 at 4.) He argues that his children's mother has sickle cell anemia and "can't watch over [the children] like she should" due to her illness. *Id.* He asserts that his mother and his children's mother are unable to care for themselves or go to the grocery store. (Dkt. 43 at 1.) If released, Nichols would live with his mother in Bloomington, Indiana, and hopes to use sewing skills he acquired in prison to find work. (Dkt. 66 at 5.)

Nichols does not suggest that Subsections (A)-(C) of Application Note 1 to § 1B1.13 apply to him. Thus, the question is whether the Court should exercise its broad discretion to find an extraordinary and compelling reason warranting release in this case.

The Court concludes that it should not. While the Court sympathizes with Nichols' fear of contracting the virus, the general threat of contracting COVID-19 is not an extraordinary and compelling reason warranting a sentence reduction. *See United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's

spread."); *United States v. Jackson*, No. 1:18-cr-314-RLY-MJD01, Dkt. 33 (S.D. Ind. Aug. 12, 2020) (concluding that the general threat of contracting COVID-19 is not an extraordinary and compelling reason warranting a sentence reduction). As such, this Court has consistently denied motions for compassionate release from defendants—like Nichols[1]—who are not at an increased risk of developing severe symptoms if they contract COVID-19, even when they are incarcerated in a "hotspot" for COVID-19 infections. *See United States v. Dyson*, 2020 WL 3440335, at *3 (S.D. Ind. June 22, 2020) (collecting cases). Accordingly, the Court concludes that the risk presented by COVID-19 does not present an extraordinary and compelling reason warranting a sentence reduction in this case.

Nichols has not submitted any evidence demonstrating that he is the only person who is available to care for his mother, who has heart disease and diabetes. Regardless, many inmates have aging and sick parents whom they might like to support. As a result, multiple courts have held that the desire to care for an elderly parent is not an extraordinary and compelling reason warranting a sentence reduction. *See United States v. Crandle*, 2020 WL 2188865, at *3 & n.27 (M.D. La. May 6, 2020) (collecting cases); *United States v. Ingram*, 2019 WL 3162305, at *2 (S.D. Ohio July 16, 2019) ("Many, if not all inmates, have aging and sick parents. Such circumstance is not extraordinary."). While the Court empathizes with Nichols' desire to care for his ailing mother, her health condition does not represent an extraordinary and compelling reason warranting release.

Nichols also alleges that his children's mother is too ill to care for their children. But he provides no supporting evidence that the mother of his children is incapacitated by her condition,

---

[1] In his Reply, Nichols states for the first time that he is a former smoker. (Dkt. 70 at 5.) He asserts that he attached documentation to one of his motions stating such, but his exhibits pertain only to his rehabilitative efforts. (Dkt. 64-1.) And Nichols made no claim in his motions that he was seeking release based on his own medical conditions. (Dkt. 66 at 5–6 (section discussing medical reasons for compassionate release left blank).) The Court considers this argument waived.

7

or that there is no other available caregiver for the children. *See, e.g. United States v. Chaffin*, 3:13-cr-00032-RLY-CMM-1 (S.D. Ind. October 6, 2020) (granting compassionate release where the incarceration of defendant's children's mother would result in their adoption due to lack of available caregiver); *United States v. Richardson*, 2020 WL 2200853, at *1 (E.D.N.C. May 6, 2020) (denying relief where defendant asserted his child's mother was ailing, but there was no evidentiary proof that defendant was the only available caregiver).

Nichols is to be commended for completing multiple programs during his incarceration. But rehabilitation alone cannot be an extraordinary and compelling reason warranting a sentence reduction. *See* 28 U.S.C. § 994(t).

Given the Court's determination that Nichols has not shown extraordinary and compelling reasons to justify his release, the Court discusses the § 3553(a) factors and whether Nichols is a danger to the community only briefly. For the instant offense, Nichols sold what was determined to be a stolen handgun to a confidential informant despite being a convicted felon. (Dkt. 29 at 3.) Nichols' criminal history shows previous felony convictions for theft, burglary, and resisting law enforcement, and he had a pending petition to revoke a suspended sentence due to an arrest for intimidation and possession of a weapon. *Id.* at 6–8. While the Court commends Nichols for his efforts at rehabilitation, it cannot find that Nichols would not be a danger to the community if released. Likewise, it cannot conclude that the § 3553(a) factors weigh in favor of release at this time, despite the fact that Nichols faces some risk from the COVID-19 pandemic.

### III. CONCLUSION

For the reasons stated above, Nichols' *pro se* Motions for Compassionate Release, (Dkts. [43], [64], and [66]), are **DENIED**.

**SO ORDERED.**

Date: 12/14/2020

*(signature)*

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Breon Nichols, #12511-028
UNITED STATES PENITENTIARY TERRE HAUTE
P.O. Box 33
Terre Haute, Indiana  47808

Matthew J. Lasher
UNITED STATES ATTORNEY'S OFFICE
matthew.lasher@usdoj.gov

William Lance McCoskey
UNITED STATES ATTORNEY'S OFFICE
william.mccoskey@usdoj.gov