UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>BREON A. NICHOLS | Case No. 1:14-cr-238-TWP-DKL-01<br><br>ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) (COMPASSIONATE RELEASE) |

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☒ DENIED.

☐ DENIED WITHOUT PREJUDICE.

☐ OTHER:

☒ FACTORS CONSIDERED: See attached opinion.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:14-cr-00238-TWP-DKL |
| | ) |
| BREON A. NICHOLS, | ) |
| | ) |
| Defendant. | ) |

**ORDER DENYING MOTION FOR COMPASSIONATE RELEASE**

This matter is before the Court on Defendant Breon A. Nichols' ("Mr. Nichols") *pro se* fourth motion seeking compassionate release under § 603 of the First Step Act of 2018, which is codified at 18 U.S.C. § 3582(c)(1)(A). (Dkt. 72.) Mr. Nichols seeks immediate release from incarceration because since testing positive for COVID in December 2020, he continues to experience adverse symptoms. *Id.* at 2. For the reasons explained below, the motion must be **denied**.

**I.     BACKGROUND**

In March 2015, the Court sentenced Mr. Nichols to 92 months of imprisonment and 3 years of supervised release after he pled guilty to one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). (Dkts. 33, 34, 35.) At his change of plea hearing, Mr. Nichols admitted that he sold a firearm to a confidential information in September 2014. (Dkt. 33.) He also stipulated that he was a convicted felon with several felonies on his criminal record. *Id.*

Mr. Nichols is 31 years old. He is currently incarcerated at United States Penitentiary Terre Haute in Terre Haute, Indiana ("USP Terre Haute"). As of March 26, 2021, the Bureau of Prisons ("BOP") reports that no inmates and no staff members at USP Terre Haute have active cases of COVID-19; it also reports that 725 inmates at USP Terre Haute have recovered from COVID-19 and that 2 inmates at USP Terre Haute have died from the virus. https://www.bop.gov/coronavirus/ (last

visited Mar. 29, 2021). The BOP has also actively begun vaccinating inmates against COVID-19. As of March 26, 2021, 841 inmates and 267 staff members at the USP Terre Haute have received both doses of the COVID-19 vaccine. According to the BOP, Mr. Nichols' projected release date (including good-time credit) is December 28, 2021.

In April 2020, Mr. Nichols filed his first motion for compassionate release. (Dkt. 43.) Mr. Nichols sought release due to his fear of contracting COVID-19 and because his mother and his children's mother suffer from chronic illnesses and needed his assistance. In December 2020, the Court denied Mr. Nichols' motion. (Dkt. 71.) The Court determined that Mr. Nichols' fear of contracting COVID-19, and his mother and children's mother needing his assistance did not qualify as extraordinary and compelling reasons to justify his release. *Id.* The Court further found that even if he had shown extraordinary and compelling reasons for release, the circumstances of Mr. Nichols' arrest in this case and his felony convictions for theft, burglary, and resisting law enforcement, and a pending petition to revoke a suspended sentence due to an arrest for intimidation and possession of a weapon, prevented the Court from finding that he would not be danger to the community if released and from concluding that the § 3553(a) factors weigh in favor of release. *Id.*

In January 2021, Mr. Nichols filed the instant motion for compassionate release. (Dkt. 72.) In his motion, Mr. Nichols seeks release because he was diagnosed with COVID-19 at the end of December and since that time, has continued to experience headaches, body aches and shortness of breath. He is concerned about the possible severity of his illness due to his history as a former smoker. Mr. Nichols also contends that the Court should consider the strides he has made since his conviction in 2015 when determining whether he now poses a danger to the community if released and whether the § 3553 factors weigh in favor of release. The Court concludes that it does not require a response from the Government to resolve the issues presented by Mr. Nichols' motion.

## II. DISCUSSION

The general rule is that sentences imposed in federal criminal cases are final and may not be modified. 18 U.S.C. § 3582(c). Under one exception to this rule, a court may reduce a sentence upon finding there are "extraordinary and compelling reasons" that warrant a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). Before the First Step Act, only the Director of the BOP could file a motion for a reduction based on "extraordinary and compelling reasons." Now, a defendant is also permitted to file such a motion after exhausting administrative remedies. *See* First Step Act of 2018, Pub. L.N. 115-391, 132 Stat. 5194, 5239 (2018). The amended version of the statute states:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier,[1] may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> > (i) extraordinary and compelling reasons warrant such a reduction; or
> >
> > (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c)(1)(A).

Congress directed the Sentencing Commission to "describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." 28 U.S.C. § 994(t). It directed that "[r]ehabilitation of the defendant

---

[1] The Government previously conceded that Mr. Nichols has exhausted his administrative remedies. (Dkt. 58.)

alone shall not be considered an extraordinary and compelling reason." *Id.* Before passage of the First Step Act, the Sentencing Commission promulgated a policy statement regarding compassionate release under § 3582(c) contained in United States Sentencing Guidelines ("U.S.S.G.") § 1B1.13 and the accompanying Application Notes.

Section 1B1.13 sets forth the following considerations. First, whether "[e]xtraordinary and compelling reasons warrant the reduction" and whether the reduction is otherwise "consistent with this policy statement." U.S.S.G. § 1B1.13(1)(A), (3). Second, whether the defendant is "a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(2). Finally, consideration of the sentencing factors in 18 U.S.C. § 3553(a), "to the extent they are applicable." U.S.S.G. § 1B1.13.

As to the first consideration, Subsections (A)-(C) of Application Note 1 to § 1B1.13 identify three specific "reasons" that qualify as "extraordinary and compelling": (A) terminal illness diagnoses or serious conditions from which a defendant is unlikely to recover and which "substantially diminish[]" the defendant's capacity for self-care in prison; (B) aging-related health decline where a defendant is over 65 years old and has served at least ten years or 75% of his sentence, whichever is less; or (C) certain family circumstances (the death or incapacitation of the caregiver of the defendant's minor child or the incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner). U.S.S.G. § 1B1.13, Application Note 1(A)–(C). Subsection (D) adds a catchall provision for "extraordinary and compelling reason[s] other than, or in combination with, the reasons described in subdivisions (A) through (C)," "[a]s determined by the Director of the Bureau of Prisons." *Id.*, Application Note 1(D).

The policy statement in § 1B1.13 addresses only motions from the Director of the BOP. *Id.* ("Upon the motion of Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment . . . "). It has not been updated since the First Step Act

amended § 3582(c)(1)(A) to address motions that are filed by prisoners. As a result, the Sentencing Commission has not yet issued a policy statement "applicable" to motions filed by prisoners. *United States v. Gunn*, 980 F.3d 1178, 1180–81 (7th Cir. 2020). And, in the absence of an applicable policy statement, the portion of § 3582(c)(1)(A) requiring that a reduction be "consistent with the applicable policy statements issued by the Sentencing Commission" does not curtail a district court judge's discretion. *Id.* at 1180. Nonetheless, the Commission's analysis in § 1B1.13 can guide a court's discretion without being conclusive. *Id.* As to motions brought under the "catchall" provision in Subsection (D), district judges should give the Director of the BOP's analysis substantial weight (if he has provided such an analysis), even though those views are not controlling. *Id.*

Accordingly, the Court evaluates motions brought under the "extraordinary and compelling" reasons prong of § 3582(c)(1)(A) with due regard for the guidance provided in § 1B1.13 by deciding: (1) whether a defendant has presented an extraordinary and compelling reason warranting a sentence reduction; (2) whether the defendant presents a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and (3) whether the applicable sentencing factors in § 3553(a) favor granting the motion.

Mr. Nichols does not suggest that Subsections (A)-(C) of Application Note 1 to § 1B1.13 apply to him. Instead, he asks the Court to exercise its broad discretion to find that extraordinary and compelling reasons warrant immediate release in his case.[2]

The Court declines to find extraordinary and compelling reasons warranting a sentence reduction in this case. Although Mr. Nichols purports to have at least one condition that increases his

---

[2] In keeping with the Seventh Circuit's instruction in *Gunn*, 980 F.3d at 1180-81, the Court would typically consider the rationale provided by the warden in denying Mr. Nichols' administrative request for relief. However, even though Mr. Nichols made an administrative request for relief to his warden, the record reflects that the warden never responded or ever took a position as to whether extraordinary and compelling reasons exist in this case. As a result, there is no opinion from the BOP to which the Court must give weight.

risk of experiencing severe symptoms from COVID-19, *see* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Mar. 29, 2021) (identifying being a former cigarette smoker as a condition that increases the risk of severe symptoms from COVID-19), he has already contracted COVID-19 and does not claim to be suffering any severe symptoms. According to Mr. Nichols, he is experiencing headaches, body aches and shortness of breath. However, there is no indication that Mr. Nichols is experiencing or has experienced severe or debilitating symptoms stemming from his COVID-19 infection. Thus, he has not shown extraordinary and compelling reasons warranting a sentence reduction. *See, e.g.*, *United States v. Weatherspoon*, No. 2:11-cr-9-JMS-CMM-07, Dkt. 894 (S.D. Ind. July 7, 2020) (finding no extraordinary and compelling reason where defendant had conditions putting him at risk for severe COVID-19 symptoms and had been hospitalized after testing positive for COVID-19, but had since recovered); *United States v. Wyatt*, No. 3:17-cr-11-RLY-MPB-02, Dkt. 165 (S.D. Ind. Sept. 3, 2020) (finding no extraordinary and compelling reason where defendant had conditions putting him at risk for severe COVID-19 symptoms and had tested positive for COVID-19 but remained asymptomatic); *United States v. Young*, No. 3:15-cr-38-RLY-CMM-03, Dkt. 139 (denying motion to reconsider and finding no extraordinary and compelling reason warranting release where defendant claimed to be experiencing chest pains and difficulty breathing several months after his COVID-19 diagnosis because the symptoms were not severe or debilitating).

Any concern about reinfection in the future would not change the result. The Court recognizes that USP Terre Haute experienced a serious outbreak of COVID-19, but there are currently no active cases among either the inmates or staff at the facility. Moreover, any reliance on the possibility that Mr. Nichols will be reinfected and suffer severe symptoms is speculative. *See* https://www.cdc.gov/coronavirus/2019-ncov/if-you-are-sick/quarantine.html (last visited Mar. 29, 2021) ("Cases of reinfection of COVID-19 have been reported but are rare."). To date, this Court has

declined to find extraordinary and compelling circumstances warranting a sentence reduction when a defendant has recovered from COVID-19—even when that defendant has risk factors for severe symptoms. *See*, *e.g.*, *Wyatt*, No. 3:17-cr-11-RLY-MPB-02, Dkt. 165 (S.D. Ind. Sept. 3, 2020); *United States v. Gevirtz*, No. 1:17-cr-68-RLY-MJD-01, Dkt. 68 (S.D. Ind. Sept. 14, 2020); *United States v. Young*, No. 1:10-cr-3-SEB-DML-17, Dkt. 1540 (S.D. Ind. July 27, 2020).  The fact that the BOP is now actively vaccinating inmates against COVID-19—including inmates at USP Terre Haute—only underscores the speculative nature of any concern about reinfection.

Given the Court's determination that Mr. Nichols has not shown extraordinary and compelling reasons to justify his release, whether he would pose a danger to the community if released and whether the § 3553(a) factors weigh in favor of his release need not be discussed at length.  The Court previously considered these issues and concluded that he would present a danger to the community if released and that the § 3553(a) factors weigh against release. (Dkt. 71.)  In his current motion, Mr. Nichols has given the Court no reason to reconsider those findings.  The Court noted that Mr. Nichols had completed several programs during his incarceration.  However, the circumstances of his crime in this matter involved selling a stolen firearm to a confidential informant.  Mr. Nichols also has several prior felony convictions in his criminal history including: (1) criminal trespass, criminal damage to property and residential burglary in 2009; (2) burglary and attempted burglary in 2006; (3) theft in 2010; and (4) theft in 2013. (Dkt. 29.)

In light of these considerations, the Court cannot find that any present risk Mr. Nichols faces from COVID-19 warrants releasing him from incarceration at this time.  *See United States v. Saunders*, 986 F.3d 1076, 1078 (7th Cir. 2021) (affirming denial of motion for compassionate release where district court found that § 3553(a) factors weighed against release despite COVID-19 risk because defendant committed serious offense and had only served one-third of sentence); *United States v. Ebbers*, No. S402-CR-11443VEC, 2020 WL 91399, at *7 (S.D.N.Y. Jan. 8, 2020) (in

8

evaluating a motion for compassionate release, the court should consider whether the § 3553(a) factors outweigh the "extraordinary and compelling reasons" warranting compassionate release, and whether compassionate release would undermine the goals of the original sentence); *United States v. Swain*, No. 2:15-cr-19-JMS-CMM-06, Dkt. 781 (S.D. Ind. June 3, 2020) (denying defendant's compassionate release motion and finding that even if defendant had shown extraordinary and compelling reasons warranting compassionate release, defendant's criminal history rendered him a danger to the community).

### III. CONCLUSION

For the reasons stated above, Mr. Nichols' motion for compassionate release, (Dkt. [72]), is **DENIED**.

**SO ORDERED.**

Date: 4/2/2021

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Breon Nichols, #12511-028
UNITED STATES PENITENTIARY TERRE HAUTE
P.O. Box 33
Terre Haute, Indiana 47808

Matthew J. Lasher
UNITED STATES ATTORNEY'S OFFICE
matthew.lasher@usdoj.gov

William Lance McCoskey
UNITED STATES ATTORNEY'S OFFICE
william.mccoskey@usdoj.gov